408 A.2d 154

**COMMONWEALTH of Pennsylvania**

v.

**David James VASQUEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed July 11, 1979.

296

Dante G. Bertani, Public Defender, Greensburg, for appellant.

Morrison F. Lewis, Jr., Assistant District Attorney, Greensburg, for Commonwealth, appellee.

Before PRICE, HESTER, and MONTGOMERY, JJ.

MONTGOMERY, Judge:

Appellant was convicted following a jury trial in June, 1977, of Possession of a Controlled Substance, Possession with Intent to Deliver, and Delivery of a Controlled Substance under the Controlled Substance Drug, Device and Cosmetic Act.[1] He was thereafter sentenced on August 11, 1977, to concurrent terms of imprisonment for not less than five nor more than 10 years. Appellant was represented at trial by private counsel. On the same day of sentencing, appellant filed this appeal in Forma Pauperis and thereafter the public defender's office was appointed to represent him.

The ineffectiveness of trial counsel is alleged on appeal citing counsel's failure to file post verdict motions, failure to obtain a witness for trial, and failure to stipulate to or object to laboratory reports. Since appellant is represented on appeal by counsel other than counsel who represented him at the trial level, the issue of ineffectiveness is properly raised for the first time on direct appeal. *Commonwealth v. Burch*, 248 Pa.Super. 8, 13, 374 A.2d 1291 (1977).

Although the decision not to file post verdict motions is not per se ineffectiveness,[2] upon examination of the trial transcript, we find that counsel's failure to file was in fact based on sheer ignorance of procedure rather than any finding on his part that the record presented no appealable issues. Following the sentencing of appellant, over a month and one-half after the trial, counsel stated the following:

MR. KRONZ: We ask that the bond be continued pending the filing of the appeal.

THE COURT: I don't know that any appeal has been filed.

1. Act of April 14, 1972, P.L. 233, No. 64 § 13 as amended; 35 P.S. § 780–101 et seq. (Supp.1976–77).

2. Counsel will not be held to be ineffective for failing to file baseless claims. See *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

MR. KRONZ: For a new trial which I present to the Court now, but the back record to the Public Defender's case for Mr. Vasquez is filed appropriately with the Court. The transcript for this trial has been prepared and has been filed with the Clerk of Court's. So that we have waited until now after those things just in hopes of delaying the disposition of the matter.

MR. LEWIS: I think the motion for arrest of judgment at this time was something filed within some days of the . . .

MR. KRONZ: No, it would be a motion for a new trial. This being the final determination.

MR. LEWIS: I think they have to appeal it to the Superior Court.

MR. KRONZ: We ask that the bond be continued pending the filing of the appeal within the prescribed time period.

THE COURT: I am directing that the actor be incarcerated forthwith.

Clearly counsel intended to file a Motion for a New Trial but was completely ignorant of his obligation to do so within a required period following trial as mandated by Pa.R.Crim.P. Rule 1123.[3] We find counsel's lack of awareness in this instance to represent ineffectiveness. *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975). However, rather than review trial errors, at the present time, we will instead remand for the filing of post verdict motions nunc pro tunc. On remand, present appellate counsel will have a full opportunity to examine the trial transcript, and present to the lower court whatever issues he deems necessary before raising them for the first time on appeal.[4]

---

**3.** At the time of appellant's trial, a seven (7) day period was in effect under then Rule 1123. The ten (10) day period did not become effective until July 1, 1977. However, the amending of the rule has no bearing on the issues raised by this appeal.

**4.** It is also important to note, though not raised by appellant in his brief, that upon examination of the record it is apparent that the trial judge failed to advise the appellant of his rights with respect to the filing of post verdict motions, the time for filing and the waiver consequences of not filing as required by Rule 1123. The remand

The judgment of sentence is reversed and the case remanded for the filing of post verdict motions nunc pro tunc.

PRICE, J. files a dissenting statement.

PRICE, Judge, dissenting:

I do not find the record so clear that a finding of ineffective assistance of counsel can be declared upon it. I would therefore remand to the Court of Common Pleas of Westmoreland County for a hearing on the question.

will serve to alleviate this problem as well. See *Commonwealth v. McCuster,* —— Pa. ——, —— A.2d —— (1977).