423 A.2d 1023

COMMONWEALTH of Pennsylvania

v.

Lawrence ZABOROWSKI, Appellant.

Superior Court of Pennsylvania.

Submitted April 16, 1980.

Filed Oct. 3, 1980.

John H. Corbett, Jr., Chief, Appellate Division, Assistant Public Defender, Pittsburgh, for appellant.

Charles W. Johns, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order dismissing without a hearing appellant's *pro se* petition under the Post Conviction Hearing Act.[1]

On the evening of April 16, 1972, a Pittsburgh police officer responding to a burglar alarm saw an automobile moving at high speed out of a parking area near a drug store, with its headlights turned off. The officer followed the automobile and saw a box thrown from it. With the help of another officer, he stopped the automobile, which contained appellant, as the driver, and the co–defendant, who was the passenger. The box thrown from the automobile was found and later determined to have contained narcotics. A bottle found inside the automobile was marked

1. Act of Jan. 25, 1966 P.L. (1965) 1580 *et seq.,* 19 P.S. § 1180–1 *et seq.* (Supp. 1979–80).

as property of the drug store, and was determined to have contained the narcotic diodine. Appellant and the co–defendant were arrested and charged with burglary,[2] larceny, receiving stolen goods,[3] and violating the Motor Vehicle Code.[4] On September 6, 1972, appellant and the co–defendant entered guilty pleas to all of these charges, and on November 21, 1972, appellant was sentenced to not less than 3 years at Camp Hill, sentence to begin on January 3, 1973. Appellant failed to appear on January 3, and sentence did not begin until August 10, 1973.

Upon his arrival at Camp Hill, appellant was informed that his sentence had been increased by the Camp Hill administration to a maximum of 6 years, pursuant to the Camp Hill Act.[5] In 1975, appellant was released from Camp Hill on parole, with parole to continue until 1979, the end of his 6 year term. Appellant was subsequently found to be in violation of his parole, and was placed in custody for the balance of his sentence.

On September 22, 1978, appellant filed a petition for relief under Post Conviction Hearing Act, claiming poverty and requesting the appointment of counsel, and alleging as grounds for discharge:

> From a new law that was passed. June 1977. Pa. Criminal Procedure ... 1123 C ... which states that no court shall sentence a defendant to any indefinite prison term. The law is found in Volume 18 of Penna. Criminal Law Code Manuel ....[6]

2. 18 Pa.C.S. § 3502.

3. 18 Pa.C.S. § 3925.

4. 75 P.S. § 1038.

5. 61 P.S. §§ 485–86.

6. We assume that appellant was referring to 18 Pa.C.S.A. § 1321, which provides:
(e) Term of imprisonment–All sentences of imprisonment imposed under this chapter shall be for a definite term.
However, this provision did not become effective until January 1, 1979, more than six years after appellant's sentence was imposed.

On October 23, 1978, the lower court issued a rule ordering the Commonwealth to show cause why a hearing should not be granted on appellant's PCHA petition. The lower court also appointed a Public Defender to represent appellant during the PCHA proceedings. On March 23, 1979, the Commonwealth filed an answer to appellant's petition, alleging that the sentence as increased by the Camp Hill administration was legal, and urging dismissal of appellant's petition. On April 12, 1979, the lower court summarily dismissed appellant's petition. Appellant has appealed from this order, arguing that the lower court denied him due process by dismissing his petition without a hearing or leave to amend, and that the Camp Hill administration denied him due process by increasing his sentence without prior notice or a hearing.

It is settled that a first Post Conviction Hearing Act petition, submitted by a petitioner who is indigent and has requested counsel, should not be dismissed without affording him representation in that proceeding. *Commonwealth v. Fiero*, 462 Pa. 409, 341 A.2d 448 (1975), *citing Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975); *Commonwealth v. Mitchell*, 427 Pa. 395, 235 A.2d 148 (1967); *Commonwealth v. Richardson*, 426 Pa. 419, 233 A.2d 183 (1967); *Commonwealth v. Hoffman*, 426 Pa. 226, 232 A.2d 623 (1967). In *Commonwealth v. Mitchell, supra*, 427 Pa. at 397, 235 A.2d at 149, the Court stated:

We pause to note that the mandatory appointment requirement is a salutary one and best comports with efficient judicial administration and serious consideration of a prisoner's claims. Counsel's ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention. As recognized by the American Bar Association Project on Minimal Standards for Criminal Justice, Standards Relating to Post Conviction Remedies § 4–4, at 66 (1967) [approved draft 1968]: 'It is a waste of valuable judicial manpower and an inefficient method of seriously treating the substantive merits of applications for post–

conviction relief to proceed without counsel for the applicants who have filed pro se ... Exploration of the legal grounds for complaint, investigation of the underlying facts, and more articulate statement of claims are functions of an advocate that are inappropriate for a judge, or his staff.' (Citations omitted). *Id.* at 149.

█ It is true that the lower court appointed counsel to represent appellant. However, mere appointment of counsel is not enough. In *Commonwealth v. Fiero, supra,* 462 Pa. at 413, 341 A.2d at 450, the Court stated:

Clearly this rule is not limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation.

█ In the present case, counsel appointed to represent appellant made no attempt to file an amended PCHA petition, nor did he file a brief setting forth the legal principles upon which appellant relied. Neither is there any indication that counsel had an opportunity to argue appellant's claims before the lower court, or that he ever certified to the court that he was willing to proceed on the *pro se* petitions alone. Appellant's *pro se* petition claiming that an indefinite sentence was illegal may have lacked merit,[7] but there may have been other grounds for relief that counsel could have asserted on appellant's behalf, which had merit. In the circumstances appellant was in effect uncounselled. The case must therefore be remanded for a counselled proceeding. *See Commonwealth v. Scott,* 469 Pa. 381, 366 A.2d 225 (1976); *Commonwealth v. Fiero, supra; Commonwealth v. Prowell,* 249 Pa.Super. 435, 378 A.2d 374 (1978).

The order of the lower court is reversed and the case remanded with instructions to appoint counsel to represent appellant in the filing of an amended petition and at any PCHA proceedings based thereon.

7. *See* fn. 6, *supra.*