431 A.2d 271

**COMMONWEALTH of Pennsylvania**

v.

**Stanley G. CARRIER, Jr., Appellant.**

Supreme Court of Pennsylvania.

Submitted March 2, 1981.

Decided July 2, 1981.

Michael M. Mamula, Richard E. Goldinger, Nancy T. Blewett, Butler, for appellant.

Robert J. Felton, Asst. Dist. Atty., Meadville, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

WILKINSON, Justice.

This is an appeal from a dismissal without a hearing of appellant's pro se petition filed under the Post Conviction Hearing Act (PCHA) [1] by the Court of Common Pleas of Crawford County. For the reasons stated hereinafter, we remand this case for proceedings consistent with this opinion.

On November 9, 1976, appellant entered a negotiated plea of guilty to murder generally and to six counts of recklessly endangering another person. Other charges were nol prossed pursuant to the plea bargain wherein the Commonwealth certified that the degree of homicide would rise no higher than murder of the third degree. A degree of guilt hearing then determined the murder to be that of the third degree. On January 25, 1977, appellant was sentenced to ten to twenty years on the murder conviction and to consecutive sentences of two to twelve years on the recklessly endangering convictions. Appellant did not file a petition to withdraw the guilty plea and no direct appeal was taken.

On March 28, 1977, appellant filed a pro se PCHA petition. This petition was returned to appellant as being in violation of the PCHA. [2] A second pro se petition was then filed on May 10, 1977, wherein appellant again attempted to state his position and requested the appointment of counsel other than his guilty plea counsel. By order of the lower court new counsel was appointed and oral argument was set for

1. Act of January 25, 1966, P.L. (1965) 1580, *as amended*, 19 P.S. § 1180–1 et seq., repealed by Section 2(2) [1397] of the Act of April 28, 1978, P.L. 202, repeal effective June 27, 1980, as amended by Section 2 of the Act of June 26, 1980, P.L. 265, No. 77, which delayed repeal until June 27, 1981.

2. The petition contained numerous statutory and case citations and was properly returned as being in violation of Section 5(a)(3) of the PCHA, 19 P.S. § 1180–5(a)(3) which proscribes the inclusion of such material.

June 6, 1977. Newly appointed counsel then moved for a continuance, claiming that he had not received certain information essential to the preparation of his argument, and argument was postponed indefinitely by the court below. Some eleven months later, in an order filed May 4, 1978, the court explained that argument had actually been postponed on the ground that appellant had retained private counsel, that neither the court nor appointed counsel had heard from "any private counsel" and that the proceedings should not be further delayed without the consent of appellant. Argument was then fixed for May 26, 1978.

In a motion filed May 12, 1978, appellant acknowledged that he had retained private counsel and successfully moved to postpone the scheduled argument so that he might meet with private counsel and prepare his petition.

On August 3, 1978 private counsel entered his appearance and appointed counsel was permitted to formally withdraw.

Argument was finally heard on October 24, 1978, more than seventeen months after appellant filed his second pro se petition, and a brief was filed by private counsel; reargument was then scheduled for March 15, 1979. However, due to the illness and death of Senior Judge F. Joseph Thomas, reargument was not held until August 17, 1979. President Judge P. Richard Thomas, by opinion and order dated September 26, 1979, then dismissed the petition without granting an evidentiary hearing.

In the second prison drawn petition, no less than eight of the thirteen statutorily provided allegations of error were asserted on page two of the form petition. Appellant's factual assertions, however, appear to relate only to the alleged denial of effective assistance of counsel.

 Despite the inarticulate nature of this petition, neither appointed counsel nor private counsel sought to amend the petition, or to otherwise meaningfully participate [3] dur-

3. We note that private counsel did submit a brief to the lower court. Unfortunately, the issues raised therein were not properly preserved for review, should not have been considered by the lower court and

ing the seventeen month period that ensued between the appointment of counsel and oral argument. Indeed, the issue of appellant's representation appears to have been the subject of great confusion in the lower court, as evidenced by the indefinite postponement of and subsequent eleven month hiatus in the proceedings before the court below.

In a case such as this, where the prisoner has alleged no facts in support of seven out of the eight allegations of constitutional error asserted, and those which have been asserted are vague, rambling and incomplete, we are mindful of the consideration addressed by this Court in *Commonwealth v. Mitchell*, 427 Pa. 395, 235 A.2d 148 (1967) wherein the Court discussed the mandatory appointment requirement set forth in Section 12 of the PCHA, 19 P.S. § 1180–12:

> Counsel's ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention. As recognized by the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies § 4.4, at 66 (1967): "It is a waste of valuable judicial manpower and an inefficient method of seriously treating the substantive merits of applications for post-conviction relief to proceed without counsel for the applicants who have filed *pro se. . . .* Exploration of the legal grounds for complaint, investigation of the underlying facts, and more articulate statement[s] of claims are functions of an advocate that are inappropriate for a judge, or his staff."

*Id.*, 427 Pa. at 397, 235 A.2d at 149.

Finally, and of primary importance to this case, we have held that the representation requirement "is not limited to the mere naming of an attorney to represent an accused, but

will not be considered here as they were not presented in appellant's pro se petition or in a final amended petition thereto. *Commonwealth v. Zillgitt*, 489 Pa. 189, 192 n.3, 413 A.2d 1078, 1079–80 n.3 (1980). Thus, in briefing and arguing such issues, counsel cannot realistically be considered to have advanced the cause of his client.

also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation." *Commonwealth v. Fiero*, 462 Pa. 409, 413, 341 A.2d 448, 450 (1975).[4]

Under the circumstances of this case, an amended petition should have been filed and was necessary for adequate representation. *Commonwealth v. Scott*, 469 Pa. 381, 366 A.2d 225 (1976).[5] Thus, appellant's counsel has failed to discharge his responsibilities in this regard. Moreover, the pro se petition was dismissed without a counselled evidentiary hearing.

Therefore, finding no evidence of meaningful participation by counsel, we must conclude that the proceedings were, for all practical purposes, uncounselled and in violation of the representation requirement of the PCHA. *Commonwealth v. Sangricco*, 490 Pa. 126, 415 A.2d 65 (1980).

The order of the lower court is hereby vacated and the matter is remanded with instructions to afford appellant the opportunity to be represented by counsel in the filing of an amended petition. An evidentiary hearing should then be held, unless the allegations so raised are "patently frivolous and . . . without a trace of support either in the record or from other evidence submitted by the petitioner." 19 P.S. § 1180–9.

4. The fact that we are herein primarily concerned with the representation provided by a privately retained attorney rather than of court appointed counsel does not distinguish this case from *Commonwealth v. Mitchell, supra* and its progeny. The requirements of representation are identical in each instance.

5. Pursuant to the concern expressed by Justice Pomeroy in his concurring opinion in *Commonwealth v. Scott, id.*, we are in no way establishing a *per se* rule to the effect that counsel representing a PCHA petitioner must file an amended petition or be deemed to have failed in his professional duties. Instantly, however, an amendment was necessary in order to clarify the facts and conclusions of law upon which appellant relied.