450 A.2d 1026

**COMMONWEALTH of Pennsylvania**

v.

**Joe OLLIE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 1, 1981.

Filed Sept. 24, 1982.

Carmela Presogna, Erie, for appellant.

Shad Connelly, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and BECK, JJ.

WIEAND, Judge:

Joseph Ollie, convicted and sentenced to prison for rape, has twice been denied hearings on post-conviction petitions. He contends that he has been denied hearings because of the ineffectiveness of counsel. A review of the record compels the conclusion that Ollie is correct and that his present appeal must be sustained.

Appellant was convicted of rape, statutory rape, and indecent assault on June 22, 1977. Following the denial of boiler-plate post-trial motions, he was sentenced to 9½ to 20 years in prison. No direct appeal was taken. On November 13, 1979, appellant filed pro se a P.C.H.A. petition containing averments that trial counsel had been ineffective for failing to file a pre-trial suppression motion, for failing to investigate adequately or consult with the appellant, and for failing "to challenge creditbality [sic] of alledged [sic] victim." His petition averred that these issues had not been waived or finally litigated because he had not been allowed to utilize or exhaust his full range of appellate rights. Although counsel was appointed to assist appellant, no amended petition was filed, no extension of time was sought, and no brief was prepared. Oral argument was apparently held on the petition, and appellant's P.C.H.A. petition was dismissed without hearing. No appeal was filed.

On July 7, 1980, appellant filed a "petition for allowance of appeal nunc pro tunc." [1] The petition alleged that appellant had requested his attorney to appeal his conviction, but that the attorney had failed to do so. Appellant alleged further that despite a specific request to do so, P.C.H.A. counsel had also refused or neglected to file an appeal from the order denying his P.C.H.A. petition without hearing. For these reasons, he contended in the petition of July 7, 1980, his right of appellate review had been denied. Appointed counsel entered an appearance for appellant on August 12, 1980. The next day, there having been no request by counsel for leave to file an amended petition, appellant's second petition was also denied without hearing. This time an appeal was filed.

■ Appellant argues that the issues he has wanted to raise were not waived, that he has been denied effective assistance of counsel, and that his appellate rights have been denied. We agree that he is entitled to relief. The courts in this Commonwealth have repeatedly held that the mandatory appointment of counsel requirement of the Post Conviction Hearing Act [2] "is not limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation." *Commonwealth v. Carrier,* 494 Pa. 305, 309, 431 A.2d 271, 273 (1981), quoting *Commonwealth v. Fiero,* 462 Pa. 409, 413, 341 A.2d 448, 450 (1975). See also: *Commonwealth v. Scott,* 469 Pa. 381, 383, 366 A.2d 225, 226 (1976); *Commonwealth v. Hines,* 287 Pa.Super. 291, 295, 430 A.2d 291, 292 (1981); *Commonwealth v. Zaborowski,* 283 Pa.Super. 132, 135, 423 A.2d 1023, 1025 (1980). When appointed counsel fails to amend an inarticulately drafted pro se P.C.H.A. petition, or fails otherwise to participate meaningfully, this

1. Although a copy of that petition is not part of the official record, all parties agree that it was filed and agree on the content thereof. A copy of the petition, stamped "Received, July 7, 1980, Office of District Attorney, Erie County," has been included in appellant's brief.

2. 19 P.S. § 1180–12.

court will "conclude that the proceedings were, for all practical purposes, uncounselled and in violation of the representation requirement of the PCHA. *Commonwealth v. Sangricco,* 490 Pa. 126, 415 A.2d 65 (1980)." *Commonwealth v. Carrier, supra,* 494 Pa. at 310, 431 A.2d at 274.

In cases where a trial court's decision to dismiss a pro se petition has been made without the benefit of effective counsel, the Supreme Court and this Court have uniformly remanded to afford appellant an opportunity to be represented in a meaningful way by counsel. See, e.g., *Commonwealth v. Carrier, supra; Commonwealth v. Watlington,* 491 Pa. 241, 420 A.2d 431 (1980); *Commonwealth v. Sangricco, supra; Commonwealth v. Scott, supra; Commonwealth v. Fiero, supra; Commonwealth v. Hines, supra; Commonwealth v. Zaborowski, supra.*

■ It is clear from the record in the instant case that appellant has been denied the meaningful and effective assistance of counsel. He filed a pro se P.C.H.A. petition in which several legal issues were properly, if inartfully, raised. Nevertheless, his appointed counsel failed to file an amended petition that would have clarified those issues and framed them articulately. Appellant's petition was not patently frivolous. It contained averments of ineffective assistance of trial counsel, an issue which, at least, required an evidentiary hearing. The pro se petition, moreover, contained an averment which, if properly drafted and proved, would excuse his failure to file a direct appeal. Despite a right to hearing on the P.C.H.A. petition, appointed counsel failed or refused, according to the averments of appellant's second pro se petition, to follow appellant's instructions and file an appeal.

We do not suggest that the issues raised by appellant must ultimately be found to be meritorious. We do hold that appellant is entitled to be represented by effective counsel, who participates in a meaningful way in presenting to the court those issues which appellant wishes to raise and which have arguable merit. Because the proceedings on appellant's two pro se petitions were, in effect, uncounselled, we enter the following order.

The order of the trial court is reversed, and the case is remanded with instructions to appoint counsel to represent appellant in the filing of an amended petition and at any P.C.H.A. proceedings had thereon.