458 A.2d 571

**COMMONWEALTH of Pennsylvania**

v.

**John Henry BARTON, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 20, 1982.

Filed March 25, 1983.

Robert Niels Tarman, Public Defender, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before WIEAND, CIRILLO and POPOVICH, JJ.

WIEAND, Judge:

John H. Barton, Jr. was tried by jury and convicted of possession with intent to deliver a controlled substance. Post trial motions were filed and subsequently denied.[1] He then entered negotiated pleas of guilty to two additional charges of possession with intent to deliver. On August 18, 1977, while represented by private counsel, he was sentenced on all convictions to three concurrent terms of im-

---

1. Post trial motions were filed on June 21, 1976. Appellant was released on bail and absconded. The trial court denied the post trial motions on September 8, 1976 without considering the merits. During the sentencing proceedings the court invited appellant to renew his post trial motions, but appellant declined to do so.

prisonment of not less than 7½ nor more than 15 years. He filed neither motions to modify the sentences nor a direct appeal from any judgment of sentence.

A first P.C.H.A. petition was filed pro se on June 21, 1979. The only request for relief contained in that petition was that he be furnished with a copy of the record of prior proceedings. The Public Defender was appointed to represent appellant and was specifically granted leave to file an amended petition. When no amended petition was filed, the court granted appellant's request for a copy of the record but otherwise dismissed the petition.

On February 4, 1980, a second P.C.H.A. petition was filed in which Barton alleged that he had been denied the right of allocution at the time of sentencing and requested the appointment of counsel. This petition was dismissed without hearing and without the appointment of counsel. Again, no appeal was filed.

A third P.C.H.A. petition was filed on May 1, 1981. In this petition, Barton again alleged that he had been denied the right of allocution at the time of sentencing. The court dismissed the petition without appointing counsel and without a hearing, holding that the issue had been waived. When an appeal was filed from this order, we directed that counsel be appointed, and the court below appointed the Public Defender to provide appellate representation.

Pa.R.Crim.P. 1504, in effect when appellant's P.C.H.A. petitions were filed,[2] provided as follows:

2. Pa.R.Crim.P. 1504 has been replaced by Pa.R.Crim.P. 1507, effective June 27, 1982. New Rule 1507 now provides in pertinent part:
    (a) A Motion for Post Conviction Relief may be dismissed without a hearing and without appointment of counsel when a previous motion involving the same issue or issues has been finally determined adversely to the defendant, and the defendant was provided the opportunity to have counsel in the prior proceedings.
    (b) A Motion for Post Conviction Relief may be dismissed without a hearing after the defendant has been provided an opportunity to have counsel when the motion is patently frivolous or when the facts alleged would not, even if proven, entitle the defendant to relief.

Appointment of counsel shall not be necessary and petitions may be disposed of summarily when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he either was afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon.

■ Appellant's second P.C.H.A. petition was clearly uncounseled. Our examination of the record discloses that appellant's first P.C.H.A. petition was, for all practical purposes, uncounseled as well. In *Commonwealth v. Ollie,* 304 Pa.Super. 505, 450 A.2d 1026 (1982), we said:

"The courts in this Commonwealth have repeatedly held that the mandatory appointment of counsel requirement of the Post Conviction Hearing Act 'is not limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation.' *Commonwealth v. Carrier,* 494 Pa. 305, 309, 431 A.2d 271, 273 (1981), quoting *Commonwealth v. Fiero,* 462 Pa. 409, 413, 341 A.2d 448, 450 (1975). See also: *Commonwealth v. Scott,* 469 Pa. 381, 383, 366 A.2d 225, 226 (1976); *Commonwealth v. Hines,* 287 Pa.Super. 291, 295, 430 A.2d 291, 292 (1981); *Commonwealth v. Zaborowski,* 283 Pa.Super. 132, 135, 423 A.2d 1023, 1025 (1980). When appointed counsel fails to amend an inarticulately drafted pro se P.C.H.A. petition, or fails otherwise to participate meaningfully, this court will 'conclude that the proceedings were, for all practical purposes, uncounselled and in violation of the representation requirement of the PCHA. *Commonwealth v. Sangricco,* 490 Pa. 126, 415 A.2d 65 (1980).' *Commonwealth v. Carrier, supra* [494 Pa.] at 310, 431 A.2d at 274.

*Id.,* 304 Pa.Superior at 508, 450 A.2d at 1027–1028. See also: *Commonwealth v. Watlington,* 491 Pa. 241, 420 A.2d 431 (1980). When the Public Defender was appointed to represent appellant in the first P.C.H.A. proceeding, he was

specifically granted leave to file an amended P.C.H.A. petition. He did nothing. When the P.C.H.A. petition was not amended to request substantive relief, it was dismissed without hearing. Under these circumstances, we deem the first P.C.H.A. petition uncounseled.

Because the first two petitions were uncounseled, Pa.R. Crim.P. 1504 required that counsel be appointed by the trial court to represent appellant during the present P.C.H.A. proceedings. The trial court declined to appoint counsel, however, and it was not until after an appeal had been filed from the dismissal of the petition without hearing that this Court directed the appointment of counsel. In response to this Court's directive, the trial court appointed the Public Defender to represent appellant. The Public Defender had also been the attorney appointed to represent appellant when he filed his first petition.

■ Appellate counsel argues, as was averred in the third P.C.H.A. petition, that appellant was denied the right of allocution at the time of sentencing. Unless this issue is so frivolous as to render harmless the trial court's error in refusing to appoint counsel, we are required to remand for the appointment of new counsel. See: *Commonwealth v. Carrier, supra* 494 Pa. at 309, 431 A.2d at 273; *Commonwealth v. Watlington, supra* 491 Pa. at 245, 420 A.2d at 433; *Commonwealth v. Sangricco, supra* 490 Pa. at 133–134, 415 A.2d at 68–69; *Commonwealth v. Fiero, supra* 462 Pa. at 411–412, 341 A.2d at 449–450; *Commonwealth v. Ollie, supra* 304 Pa.Super. at 509, 450 A.2d at 1028; *Commonwealth v. Hines, supra* at 287 Pa.Super. 294–295, 430 A.2d at 292; *Commonwealth v. Zaborowski, supra* 283 Pa.Super. at 135–136, 423 A.2d at 1025.

■ We are unable to conclude, with the case in its present posture, that appellant's request for collateral relief is frivolous. On the contrary, it is possible that substantive merit lurks in appellant's inarticulately drawn petition. The burden which he must carry, however, is heavy. Before a court can consider the merits of his allocution claim, appellant will have to show that he has not waived the claim. To

do this he will have to prove that counsel was ineffective by causing appellant's "failure to exercise his right to take a direct appeal, a right of which appellant had been fully apprised by the trial court." *Commonwealth v. Gardner,* 499 Pa. 263, 266 n. 2, 452 A.2d 1346, 1347 n. 2 (1982). "If the alleged ineffectiveness [of sentencing counsel] is not related to the decision to waive the appeal, such a claim will not be considered once it is established that there has been an effective waiver." *Commonwealth v. Jumper,* 494 Pa. 451, 454, 431 A.2d 941, 942 (1981). See: *Commonwealth v. Shore,* 487 Pa. 534, 410 A.2d 740 (1980). A waiver of appellate rights is effective where a defendant is aware of the right to an appeal and the right of assistance by free counsel if he cannot afford his own attorney. *Commonwealth v. Thompson,* 302 Pa.Super. 19, 26, 448 A.2d 74, 77 (1982). See: *Commonwealth v. Jumper, supra* 494 Pa. at 456, 431 A.2d at 943–944; *Commonwealth v. Maloy,* 438 Pa. 261, 263, 264 A.2d 697, 698 (1970). Unless there is no reasonable basis for failing to do so, trial counsel is under no duty to file an appeal unless requested to do so. *Commonwealth v. Roach,* 307 Pa.Super. 506, 510, 453 A.2d 1001, 1003 (1982). See: *Commonwealth v. Wilkerson,* 490 Pa. 296, 299, 416 A.2d 477, 479 (1980); *Commonwealth v. Smith,* 478 Pa. 76, 80, 385 A.2d 1320, 1322–1323 (1978); *Commonwealth v. Hubbard,* 472 Pa. 259, 277–278, 372 A.2d 687, 695–696 (1977); *Commonwealth v. Vasquez,* 268 Pa. Super. 295, 297, 408 A.2d 154, 155 (1979).

■ Additionally, appellant will not be entitled to relief unless he can show prejudice as a result of sentencing counsel's alleged ineffectiveness in failing to preserve appellant's right to allocution. See: *Commonwealth v. Lowry,* 260 Pa.Super. 454, 462–463, 394 A.2d 1015, 1019 (1978). See generally: *Commonwealth v. Ford,* 491 Pa. 586, 592, 421 A.2d 1040, 1043 (1980); *Commonwealth v. Wade,* 480 Pa. 160, 172, 389 A.2d 560, 566 (1978); *Commonwealth v. Smallwood,* 465 Pa. 392, 397–398, 350 A.2d 822, 825 (1976); *Commonwealth v. Galloway,* 302 Pa.Super. 145, 154, 448 A.2d 568, 573 (1982). A bare denial of the right to allocu-

tion, without evidence that appellant had something to say, will not require the vacation of an otherwise proper sentence. That which he wished to say, moreover, must be such as would likely have influenced the sentence imposed. To require a vacating of the sentence and a subsequent re-sentencing, appellant will have to show that the sentencing judge was either misinformed or uninformed regarding one or more relevant circumstances. The sentence need not be vacated in order to provide appellant an opportunity to speak if he has nothing significant to say. *Commonwealth v. Rivera,* 309 Pa.Super. 33, 39, 454 A.2d 1067, 1070 (1982).

■ The right to allocution is neither constitutional nor jurisdictional. The failure to ask a defendant if he has anything to say before sentence is imposed is not a fundamental defect inconsistent with rudimentary requirements of due process or an error inherently resulting in a miscarriage of justice. *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417, 421 (1962). Thus, as the Supreme Court held in *Hill,* collateral relief is not available when a petitioner shows merely a formal failure to comply with a rule requiring the court to invite a defendant to speak before sentence is imposed.

■ The right of allocution in Pennsylvania is also based upon procedural rule. See: Pa.R.Crim.P. 1405(a). A mere failure to comply formally with the mandate of Rule 1405(a), which requires the court to invite a defendant to speak, does not destroy the validity of an otherwise legal sentence and render it susceptible to collateral attack. *Hill v. United States, supra.*

Because we have before us only an uncounseled petition, we are unable to determine (1) whether appellant was prejudiced when the sentencing court, although asking him about the offense, failed to ask him if he had anything further to say before sentence was imposed, and (2) whether, in any event, the issue was waived by appellant's failure to take a direct appeal. Therefore, we must remand for the appointment of counsel who should examine the circum-

stances surrounding the imposition of sentence and determine whether they will sustain an amended P.C.H.A. petition. Because of the Public Defender's prior involvement, counsel should be appointed who is not affiliated with the Public Defender's office.

Reversed and remanded for proceedings consistent with the foregoing opinion. Jurisdiction is not retained.

POPOVICH, J., concurs in the result.