509 A.2d 391

**COMMONWEALTH of Pennsylvania**

v.

**Norman Russell TURNER, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 25, 1985.

Filed May 16, 1986.

174

Norman R. Turner, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CIRILLO, BECK and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from an Order entered April 9, 1985, in the Court of Common Pleas of Allegheny County denying appellant's petition for post-conviction relief.

In 1979, appellant, Norman Russell Turner, was charged with twenty-six (26) counts of burglary (18 Pa.C.S.A. § 3502) and ten (10) counts of theft by unlawful taking or disposition (18 Pa.C.S.A. § 3921). On January 30, 1980 appellant entered a general plea of guilty to all charges. He was sentenced to two (2) consecutive ten (10) year probationary term and sentence was suspended at counts three (3) through thirty-six (36) by virtue of those sentences. Appellant filed no post-verdict motions, no post-sentence petition to withdraw the guilty plea and no direct appeal.

During the probationary term, appellant was arrested four (4) times and convicted three (3) times. Of these arrests the most recent was on February 14, 1983. On August 15, 1983, the Honorable Bernard L. McGinley accepted appellant's guilty plea to burglary and sentenced appellant on March 22, 1984 to undergo a term of imprisonment of not less than two and one-half (2½) years, nor more than five (5) years. On the same date appellant appeared before the Honorable John L. Musmanno on a probation violation based upon his latest burglary conviction. Appellant waived his right to a Gagnon I hearing and proceeded directly to a Gagnon II hearing. Appellant filed a Motion to Reinstate Probation which was argued at the time of the probation violation hearing.

At the conclusion of the hearing the court revoked appellant's probation and sentenced him to two (2) to ten (10) years imprisonment, to run concurrent with the sentence appellant was presently serving as well as the burglary

sentence imposed by Judge McGinley. Appellant filed no motion to modify sentence nor did he file an appeal.

Thereafter on June 15, 1984, the appellant filed a *pro se* post-conviction petition from the denial of which the instant appeal was taken.

Appellant now seeks review before this Court on two bases in addition to that upon which the court below denied relief. Appellant alleges ineffective representation by both revocation hearing counsel and P.C.H.A. counsel; the former by reason of his failure to appeal directly to this Court from the denial of appellant's motion for reinstatement of probation when, according to appellant, he had specifically requested counsel to do so; and the latter for failure to amend appellant's post-conviction petition to reflect the ineffectiveness of prior counsel as indicated.

In his first issue appellant contends that counsel appointed to represent him as a petitioner for post-conviction relief from a prior revocation of probation and subsequent prison term, was ineffective, having failed to amend appellant's petition to effectively assert appellant's claims.

As the Commonwealth points out in its brief, appellant is entitled to some relief.

Pronouncements by both this Court and the Pennsylvania Supreme Court in interpreting statutory material relevant to this area; namely, 42 Pa.C.S.A. Section 9541, *et seq.*, and Pa.R.Crim.Pro. 1504, indicate not only that counsel must be appointed "as justice requires", but also that the failure of counsel to amend an inarticulately drafted post-conviction petition renders such a petition uncounseled and in violation of the statutory mandate. *Commonwealth v. Miller*, 325 Pa.Super. 163, 166, 472 A.2d 698, 699 (1984); *Commonwealth v. Ollie*, 304 Pa.Super. 505, 506–510, 450 A.2d 1026, 1027, 1028 (1982).

As elaborated by this Court in the case of *Commonwealth v. Ollie*, supra, 304 Pa.Superior Ct. at 508, 450 A.2d at 1028 quoting from the case of *Commonwealth v. Carrie*, 494 Pa. 305, 308–310, 431 A.2d 271, 273 (1981);

The mandatory appointment of counsel requirement of the Post-Conviction Hearing Act is not limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation.

■ Should such representation fail in its objectives due to the cognizable ineffectiveness of counsel, the petitioner is entitled to a reversal of the P.C.H.A. court's adverse decision, as well as the appointment of new counsel regardless of the merit of any issues previously asserted Id. at 1028.

In his second issue appellant contends that appointed counsel at the probation revocation hearing failed to file a direct appeal from the sentence there imposed in opposition to appellant's request.

■ If such a request was indeed made, a matter which is itself open to speculation and not subject to verification within the pages of the record, disregard thereof would admittedly constitute a recognized breach of appellant's right to appellate review. This Court has specifically held that where no determination can be made in reliance upon the record as to counsel's motivation in failing to pursue an appeal, the case must be remanded for an evidentiary hearing on that factual issue. *Commonwealth v. Howell*, 290 Pa.Super. 144, 147, 434 A.2d 171, 172 (1981). If appellant is successful in establishing the factual basis for relief then the evidentiary hearing should be followed by reinstatement of appellant's right to file a motion to modify sentence *nunc pro tunc.*

In his final issue appellant contends that a seven (7) month delay between the date of his conviction and that of the consequent probation revocation hearing, incurred in anticipation of sentencing, unduly prejudiced his cause. The court below has adequately addressed this issue and we affirm the court's holding concerning delay of the probation hearing. However, we remand on the questions of ineffec-

tiveness of counsel with instructions to conduct an evidentiary hearing.

Order affirmed as far as it concerns the delay of the probation hearing; remanded on questions of counsels' ineffectiveness with instructions to conduct an evidentiary hearing.

BECK, J., concurs in the result.