**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Michael HAMPTON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1998.
Filed Sept. 15, 1998.

---

Michael Hampton, Pro Se, appellant.

Kenneth A. Osokow, District Attorney, Williamsport, for Com., appellee.

Before DEL SOLE, JOHNSON and HESTER, JJ.

JOHNSON, Judge:

Michael Hampton (Petitioner) appeals the trial court's order denying relief under the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541–46. Because we find that Hampton is indigent and that his PCRA petition was effectively uncounselled, we reverse and remand for appointment of new counsel.

Hampton was convicted on November 18, 1994, of fourteen counts of indecent assault, aggravated indecent assault, corruption of minors, statutory rape, involuntary deviate sexual intercourse and burglary. The trial court imposed sentence of 10 to 20 years' incarceration and Hampton, with the aid of counsel, filed a direct appeal. By Memorandum and Order entered April 19, 1996, this Court affirmed.

On April 18, 1997, Hampton, acting *pro se,* filed a first PCRA petition accompanied by a lengthy and inartful "Appellant's Memorandum of Fact and Law." The trial court, the Honorable Clinton W. Smith, appointed post-conviction counsel, and by order of July 16, 1997, granted counsel 60 days within which to file "any amendment to the PCRA petition." Counsel filed no amendment and by Opinion and Order of November 26, 1997, the court apprised the parties of its intention to dismiss the petition without hearing pursuant to Pa.R.Crim.P. 1507(a), unless Petitioner responded within 10 days. Court-appointed counsel filed no response, but Hampton answered on his own behalf within twenty days, on December 16, 1997. *See* Pa.R.Crim.P. 1507(a). Finding that Hampton's *pro se* response failed to demonstrate any issue that would entitle Hampton to a hearing, the court dismissed his PCRA petition. In its opinion, the trial court concluded that the grounds advanced by Hampton in support of his petition, alleging ineffective assistance of trial counsel, provided no basis for a hearing because they had been presented on direct appeal, or because they were not articulated with the requisite specificity. The court found specifically that Hampton's assertion of ineffectiveness for failure of trial counsel to call witnesses was insufficient because

"Defendant did not submit the signed certification as to each intended witness stating the witnesses [sic] name, address, date of birth and substance of testimony pursuant to 42 Pa.C.S.A. § 9545(d)(1)." Opinion and Order, November 26, 1997, at 6.

Prior to dismissing Hampton's petition, the court convened argument to determine whether a hearing should be granted. That argument was not transcribed, however, and consequently, we are unable to discern the extent to which Hampton's court-appointed counsel actually advocated his interests at that proceeding. The trial court observed that "defense counsel relied on Defendant's *pro se* PCRA petition," and counsel reported to Hampton, in correspondence following argument, "your brief was even submitted to the Court, to assure that all the issues you wanted to litigate ... were presented...." Brief for Appellant, Exhibit "F."

Following the trial court's denial of his PCRA petition, Hampton, again acting *pro se*, filed his Notice of Appeal along with an Application for Continuation of In Forma Pauperis Status on Appeal Pursuant to Pa. R.A.P. 551, and a Motion for Transcription of Notes of Testimony. The trial court did not address Hampton's Application for Continuation of In Forma Pauperis Status, having omitted also to address Hampton's original Application to Proceed In Forma Pauperis and Verified Statement filed on March 27, 1997. Hampton's Motion for Transcription was addressed only in a nugatory "Order" signed by the Prothonotary of Lycoming County directing that the requested transcript be produced. The record is devoid of any filing evincing the involvement of Hampton's court-appointed counsel at any phase of the post conviction proceedings; nor does it appear that counsel sought to withdraw.

In this appeal, Hampton, again acting *pro se*, (but having "enlisted the aid of a former prison law clerk", *see* Brief for Appellant at 8), poses a single question for our review: "Did the trial court err in dismissing appellant's uncounselled petition for post conviction relief?" In response, the Commonwealth states "no objection to this matter being remanded for appointment of new counsel to assist petitioner in the filing of a proper PCRA petition," and concedes that "one of the issues petitioner sought to raise

in his uncounselled petition, could if properly raised potentially entitle petitioner to a hearing[.]" Letter from District Attorney of Lycoming County to Prothonotary of Superior Court, July 24, 1998.

Based on the foregoing, we discern the questions presented to be: (1) Did Hampton have a right to effective assistance of counsel to file and litigate his PCRA petition; and (2) Was the assistance rendered by Hampton's court-appointed counsel sufficient to discharge such right. Because we conclude that Hampton was entitled to assistance of counsel, and that the record fails to establish that court-appointed counsel rendered effective assistance, we will not address the issues in the underlying petition. *See Commonwealth v. Peterson*, 453 Pa.Super. 271, 683 A.2d 908, 909 (Pa.Super.1996) (Superior Court would not address merits of underlying post-conviction petition where indigent petitioner was denied right to counsel to assist in preparation of petition).

■■■ Pennsylvania courts have recognized expressly that every post-conviction litigant is entitled to "at least one *meaningful* opportunity to have ... issues reviewed, at least in the context of an ineffectiveness claim." *Commonwealth v. Kaufmann*, 405 Pa.Super. 335, 592 A.2d 691, 695 (Pa.Super.1991), quoting *Commonwealth v. Alexander*, 495 Pa. 26, 35, 432 A.2d 182, 186 (1981). This Court has admonished, accordingly, that "[t]he point in time at which a trial court may determine that a PCRA petitioner's claims are frivolous or meritless is after the petitioner has been afforded a full and fair opportunity to present those claims." *Peterson, supra*, 683 A.2d at 911. Our supreme court has recognized that such an opportunity is best assured where the petitioner is provided representation by competent counsel "whose ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention." *Commonwealth v. Carrier*, 494 Pa. 305, 309, 431 A.2d 271, 273 (1981). The supreme court has mandated accordingly, "that counsel be appointed in *every* case in which a defendant has filed a motion for post-conviction collateral review for the first time and is unable to afford

counsel...." *Kaufmann, supra,* quoting Pa. R.Crim.P. 1504, Comment—1989. *See also* Pa.R.Crim.P. 1504, Comment—1997. "Thus, *before* the trial court disposes of a post conviction petition, it must first make a determination as to the petitioner's indigence and if the petitioner is indigent, the court must appoint counsel to assist in the preparation of said petition." *Commonwealth v. Van Allen,* 409 Pa.Super. 348, 597 A.2d 1237, 1239 (Pa.Super.1991). The *indigent* petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first. *See Commonwealth v. Luckett,* 700 A.2d 1014 (Pa.Super.1997) (even where most of the issues raised in indigent petitioner's PCRA petition had been previously litigated or were not cognizable under the PCRA, he was entitled to assistance of counsel to litigate his first petition). *See also Commonwealth v. Lindsey,* 455 Pa.Super. 228, 687 A.2d 1144, 1145 (Pa.Super.1997) (reasoning that "Pennsylvania Rule of Criminal Procedure 1504(a) provides that a PCRA petitioner is entitled to counsel for his first PCRA petition, regardless of the merits of his claim."); *Kaufmann, supra,* 592 A.2d at 695 ("We do not read Rule 1507's authority to dismiss summarily a PCRA petition to be exercised when an *uncounseled* petition is the *first* submitted by an *indigent* petitioner.").

■ Moreover, "[t]his rule [has not been] limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation." *Commonwealth v. Fiero,* 462 Pa. 409, 413, 341 A.2d 448, 450 (1975) (applying former criminal rules 1503 and 1504 governing appointment of counsel to mandatory appointment requirement under Post Conviction Hearing Act). *See also Commonwealth v. Barton,* 312 Pa.Super. 176, 458 A.2d 571, 573 (Pa.Super.1983); *Commonwealth v. Ollie,* 304 Pa.Super. 505, 450 A.2d 1026, 1028 (Pa.Super.1982); *Commonwealth v. Hines,* 287 Pa.Super. 291, 430 A.2d 291, 292 (1981). "Once appointment has been made, counsel may seek to withdraw, *after a thorough review of the record has been made,* where

non-frivolous issues justifying the pursuit of post-conviction collateral relief are lacking." *Kaufmann, supra,* 592 A.2d at 698 (emphasis added) citing *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213, 214 (Pa.Super.1988) (post-conviction counsel may seek to withdraw by filing "no-merit" letter detailing the nature and extent of his review, listing the issues raised by the petitioner, and explaining why petitioner's issues are meritless). Counsel may not, however, accept appointment, thereby engendering the reliance of both his client and the court, without undertaking of record either to advance his client's claims or certify their lack of merit.

In addressing the petitioner's right to counsel under the precursor to the PCRA, we admonished that "[w]hen appointed counsel fails to amend an inarticulately drafted pro se [post-conviction] petition, or fails otherwise to participate meaningfully, this court will conclude that the proceedings were, for all practical purposes, uncounselled and in violation of the representation requirement...." *Ollie, supra,* 450 A.2d at 1028 quoting *Commonwealth v. Sangricco,* 490 Pa. 126, 415 A.2d 65 (1980) (internal quotation marks omitted). Both this Court and our Supreme Court have recognized that a post-conviction petition is effectively uncounselled under a variety of circumstances whenever omissions of record demonstrate that counsel's inaction "deprived the petitioner 'the opportunity of legally trained counsel to advance his position in acceptable legal terms.'" *Sangricco, supra,* at 133, 415 A.2d at 68, quoting *Fiero, supra,* at 413, 341 A.2d at 450. *See, e.g., id.* (court-appointed counsel appeared at oral argument, but failed to amend post-conviction petition and trial court dismissed petition without hearing based on petitioner's pro se submissions); *Fiero, supra,* at 413, 341 A.2d at 450 (appointed counsel failed to amend post-conviction petition and failed to brief petitioner's issues, and trial court dismissed petition without argument or hearing); *Commonwealth v. Barton,* 312 Pa.Super. 176, 458 A.2d 571, 574 (Pa.Super.1983) (public defender failed to amend post-conviction petition despite leave of court to do so, and trial court dismissed petition without hearing); *Ollie, supra,* 450 A.2d at

1028 (appointed counsel failed to amend post-conviction petition or brief petitioner's issues and trial court dismissed petition without hearing after holding oral argument); *Hines, supra,* 430 A.2d at 292 (public defender failed to amend post-conviction petition or brief petitioner's issues and trial court dismissed petition without hearing or oral argument).

Though the foregoing decisions predate adoption of the Post Conviction Relief Act and current Rules of Criminal Procedure 1504 and 1507, this Court has held more recently that "one constant remains as a holdover, from the prior law: an indigent defendant shall be availed the opportunity to secure the appointment of counsel to aid in the perfection of his first petition seeking post-conviction collateral relief." *Kaufmann, supra,* 592 A.2d at 698. We find also that, as under our prior law, "[t]his rule is not limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation." *Commonwealth v. Fiero,* 462 Pa. 409, 413, 341 A.2d 448, 450 (1975) Accordingly, where, as under our prior case law, the record fails to demonstrate meaningful participation by counsel appointed to represent an indigent petitioner filing his first petition, we will remand for appointment of new counsel. Counsel appointed may proceed to develop and advocate meritorious claims, or may seek to withdraw, *"after a thorough review of the record has been made,* where non-frivolous issues justifying the pursuit of post-conviction collateral relief are lacking." *Kaufmann, supra,* 592 A.2d at 698 (emphasis added) citing *Finley, supra,* 550 A.2d at 214.

Upon review of the record in the case before us, we are unable to conclude that the Public Defender of Lycoming County "discharged the responsibilities required by [her] representation." *See Ollie, supra,* 450 A.2d at 1028. Our appellate courts have affirmed continuously that "[e]xploration of the legal grounds for complaint, investigation of the underlying facts, and more articulate statement of claims are functions of an advocate and are inappropriate for a judge, or his staff." *Kaufmann, supra,* 592 A.2d at 697, quoting *Commonwealth v. Mitchell,* 427 Pa. 395, 235 A.2d 148 (1967). Nonetheless, despite leave of court to amend Hampton's PCRA petition, counsel failed, in any way, to modify the defendant's *pro se* submission, leaving the trial court to sift the voluminous and inartful "Appellant's Memorandum of Fact and Law." Following review, the trial court concluded that Hampton's memorandum asserted two issues that had been addressed on direct appeal and were, consequently, inappropriately raised in a post-conviction petition. Opinion, *supra,* at 2–3. Though reasonable inspection by counsel would have revealed a duplication of issues and should have suggested that she modify Hampton's submissions, she failed either to amend the underlying petition or to file a brief with the court, choosing instead to submit Hampton's memorandum "to assure that all the issues [he] wanted to litigate ... were presented...." Brief for Appellant, Exhibit "F." Moreover, counsel failed to submit witness certifications from perspective witnesses that Hampton alleged would provide exculpatory testimony, despite the inclusion of the names and whereabouts of the witnesses in Hampton's memorandum. Opinion, *supra,* at 6. In view of counsel's failure to file a no-merit letter in accordance with *Finley, supra,* we find these derelictions inexplicable.

We conclude accordingly, that Hampton, an indigent defendant filing his first post-conviction petition, was deprived of " 'the opportunity of legally trained counsel to advance his position in acceptable legal terms.' " *Sangricco, supra,* at 133, 415 A.2d at 68, quoting *Fiero, supra,* 462 Pa. at 413, 341 A.2d at 450. Consequently, we find that his petition was effectively uncounselled, and we remand for appointment of new counsel who shall file either an amended PCRA petition or a no-merit letter in accordance with *Finley, supra.*

Order **REVERSED.** Case **REMANDED** for further proceedings consistent with this Opinion. Jurisdiction **RELINQUISHED.**