J-S45013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
DONALD ANTHONY SINGLETARY :
:
Appellant : No. 2805 EDA 2016

Appeal from the PCRA Order July 20, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001630-2013,
CP-15-CR-0001778-2013

BEFORE: GANTMAN, P.J., PANELLA, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.: **FILED AUGUST 17, 2017**

Appellant, Donald Anthony Singletary, appeals from the order of the Chester County Court of Common Pleas, which dismissed as untimely his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We vacate, remand, and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. Appellant sold cocaine to a confidential informant on April 4, 2013, April 13, 2013, and April 22, 2013. As a result, police arrested Appellant on April 26, 2013. That same date, police executed a search warrant at Appellant's home and recovered, *inter alia*, 7.95 grams of cocaine and four handguns.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Retired Senior Judge assigned to the Superior Court.

Appellant entered an open guilty plea on January 10, 2014, to one count of possession with intent to deliver ("PWID") at docket no. 1630-2013, and to three counts of PWID at docket no. 1778-2013. The court sentenced Appellant on June 23, 2014, to an aggregate term of eight (8) to sixteen (16) years' imprisonment. Appellant did not seek direct review, and his judgment of sentence became final on July 23, 2014.

Appellant filed on November 18, 2015, a *pro se* "Motion to Modify and Reduce Sentence *Nunc Pro Tunc*," which the court correctly treated as Appellant's first PCRA petition. The PCRA court on December 17, 2015, permitted Appellant to proceed *in forma pauperis* and appointed counsel. On May 9, 2016, Appellant filed an amended, counseled PCRA petition, which requested an evidentiary hearing. In the amended petition, Appellant claimed that: plea counsel was ineffective for failing to file a post-sentence motion and a direct appeal; and Appellant received an illegal mandatory minimum sentence under **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). Notably, the amended petition did not address the timeliness of Appellant's PCRA petition. Moreover, counsel did not file a supporting brief, cite any law in support of the issues raised, or provide signed certifications of witnesses or attach documents material to the proffered testimony. **See** 42 Pa.C.S.A. § 9545(d)(1) (stating "Where a petitioner requests an evidentiary hearing, the petition shall include a signed certification as to each intended witness stating the witness's name,

address, date of birth and substance of testimony and shall include any documents material to that witness's testimony"). The Commonwealth filed its answer on June 13, 2016. On June 16, 2016, the PCRA court issued notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. Counsel received the Rule 907 notice but did not respond on Appellant's behalf. The PCRA court denied relief on July 20, 2016.

On August 26, 2016, Appellant filed a *pro se* notice of appeal.[2] That same date, Appellant filed *pro se* petitions for reconsideration and/or writ of *habeas corpus*, to continue *in forma pauperis,* and for appointment of new PCRA counsel. In his petition for reconsideration and/or writ of *habeas corpus*, Appellant alleged PCRA counsel deprived Appellant of his right to effective, adequate representation. According to Appellant, counsel did not provide Appellant with a copy of the amended PCRA petition and the Commonwealth's answer. Appellant asked the PCRA court to direct counsel to serve Appellant with a copy of these documents and to issue another Rule 907 notice to Appellant. The PCRA court forwarded the notice of appeal and the petitions to counsel on August 29, 2016. On August 30, 2016, the PCRA court granted Appellant's request to continue *in forma pauperis* and denied

_____

[2] Appellant's *pro se* notice of appeal is dated August 19, 2016. Under the prisoner mailbox rule, we deem the appeal timely. ***See Commonwealth v. Chambers***, 35 A.3d 34 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (explaining prisoner mailbox rule provides that document is considered filed on date *pro se* prisoner delivers it to prison authorities for mailing).

his remaining petitions. That same date, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). The PCRA court sent the order to counsel, who did not file a concise statement on Appellant's behalf.

On March 16, 2017, counsel filed with this Court an appellate brief and concluded Appellant's PCRA issues were meritless. Appellant responded *pro se* on April 7, 2017. This Court entered a *per curiam* order on April 21, 2017, directing counsel to file a petition to withdraw from representation pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Counsel complied on May 5, 2017, and sent a letter to Appellant on June 1, 2017, advising of his right to proceed *pro se* or with privately retained counsel.

Counsel raises the following issues on Appellant's behalf:

> WHETHER THE [PCRA] COURT ERRED IN DISMISSING [APPELLANT'S] POST-CONVICTION RELIEF ACT (PCRA) PETITION WHEN IT WAS UNTIMELY FILED AND NO EXCEPTION APPLIED?
>
> WHETHER [APPELLANT] IS PRECLUDED FROM RAISING AN **ALLEYNE** CHALLENGE RETROACTIVELY IN THE PROCEDURAL POSTURE OF A PCRA CLAIM?

(Appellant's Brief at 3).

As a preliminary matter, Pennsylvania Rule of Criminal Procedure 904 provides, in pertinent part:

**Rule 904. Entry of Appearance and Appointment of**

- 4 -

**Counsel;** *In Forma Pauperis*

\*     \*     \*

(C) Except as provided in paragraph (H), when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.

\*     \*     \*

Pa.R.Crim.P. 904(C). Importantly, "[a]n indigent petitioner is entitled to appointment of counsel on his first PCRA petition, **even where the petition appears untimely on its face**." ***Commonwealth v. Perez***, 799 A.2d 848, 851 (Pa.Super. 2002) (emphasis added). "In such cases, counsel is appointed principally to determine whether the petition is indeed untimely, and if so, whether any exception to the timeliness requirements…applies." ***Id.*** at 852. ***See also*** Pa.R.Crim.P. 904(C) (stating when unrepresented defendant shows he is unable to afford or procure counsel, court shall appoint counsel to represent defendant on first PCRA petition). The right to counsel on an indigent petitioner's first PCRA petition is not limited to the mere naming of an attorney. ***Perez, supra***. To have any meaning, Rule 904 requires appointed counsel to provide meaningful representation. ***Id.***

> [W]hen appointed counsel fails to amend an inarticulately drafted *pro se* [post-conviction] petition, **or fails otherwise to participate meaningfully**, this [C]ourt will conclude that the proceedings were, for all practical purposes, uncounseled and in violation of the representation requirement.

- 5 -

*Id.* at 852 (emphasis added). "[T]o provide meaningful representation, appointed counsel must at least address the timeliness of a PCRA petition and determine whether the petition fits any exception to the PCRA's timeliness provision, where the subject petition is untimely on its face." *Id.* at 849. Counsel's failure to discuss the timeliness issue renders the representation virtually meaningless and effectively denies an appellant the right to assistance of counsel. *Id.* at 853. Where the record fails to demonstrate "meaningful participation by counsel appointed to represent an indigent petitioner filing his first petition, [this Court] will remand for appointment of new counsel." *Id.* at 582, (quoting *Commonwealth v. Hampton*, 718 A.2d 1250, 1254 (Pa.Super. 1998)). Additionally, "where an indigent, first-time PCRA petitioner was denied his right to counsel…this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake. *Commonwealth v. Stossel*, 17 A.3d 1286, 1290 (Pa.Super. 2011). Moreover, this Court has stated:

> This right to representation exists throughout the post-conviction proceedings, including any appeal from disposition of the petition for post-conviction relief. It is equally clear that once counsel has entered an appearance on [an appellant's] behalf [she] is obligated to continue representation until the case is concluded or [she] is granted leave by the court to withdraw [her] appearance.

*Commonwealth v. Willis*, 29 A.3d 393, 397 (Pa.Super. 2011). *See Commonwealth v. Brown*, 836 A.2d 997, 999 (Pa.Super. 2003) (remanding for appointment of counsel where petitioner was represented by

court-appointed attorney before PCRA court but was effectively abandoned by counsel on appeal).

Instantly, the court sentenced Appellant on June 23, 2014. Appellant's judgment of sentence became final on July 23, 2014, upon expiration of the time to file a direct appeal. *See* Pa.R.A.P. 903(a). Appellant filed a *pro se* PCRA petition on November 18, 2015, which was about one year and four months after his judgment of sentence became final. Therefore, Appellant's petition was facially untimely. *See* 42 Pa.C.S.A. § 9545(b)(1) (stating PCRA petition, including second or subsequent petition, shall be filed within one year of date underlying judgment of sentence becomes final).

On December 17, 2015, the PCRA court permitted Appellant to proceed *in forma pauperis* and appointed counsel, who subsequently filed an amended PCRA petition on May 9, 2016. Significantly, the amended PCRA petition failed to address the timeliness of Appellant's November 18, 2015 petition and the application of any of the statutory timeliness exceptions at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The amended petition also failed to comply with 42 Pa.C.S.A. § 9545(d)(1). The PCRA court sent counsel Rule 907 notice on June 16, 2016. Counsel did not respond to the Rule 907 notice and/or correct these defects. Thus, the record fails to demonstrate counsel's meaningful participation. *See Perez, supra*.

Moreover, counsel had a continuing obligation to represent Appellant until the conclusion of this case. *See Willis, supra*. Notably, counsel did

not file an appeal on Appellant's behalf, which prompted Appellant to file a *pro se* notice of appeal on August 19, 2016. The PCRA court on August 30, 2016, ordered a Rule 1925(b) statement and sent the order to counsel; yet she failed to file a Rule 1925(b) statement on Appellant's behalf. The record reveals counsel effectively abandoned Appellant on appeal. Therefore, the best resolution of this case is to vacate and remand for the PCRA court to appoint new counsel to assist Appellant in his first PCRA petition. ***See Brown, supra***. Given the disposition of this case and our directive to appoint new counsel on remand, we grant current counsel leave to withdraw.

Order vacated; case remanded for further proceedings. Petition to withdraw as counsel is granted. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2017