J-S02007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RODERICK LOPEZ, | |
| Appellant | No. 3260 EDA 2014 |

Appeal from the PCRA Order September 25, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001802-2012

BEFORE:  SHOGAN, LAZARUS, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 07, 2016**

Appellant, Roderick Lopez, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We vacate and remand for further proceedings.

We summarize the procedural history of this case as follows.  In an information filed on June 6, 2012, Appellant was charged with one count of persons not to possess a firearm, and three counts each of possession of a controlled substance with intent to deliver, simple possession of a controlled substance, and criminal conspiracy.  On November 13, 2012, Appellant pled guilty to one count of persons not to possess a firearm and two counts each of possession of a controlled substance with intent to deliver and criminal conspiracy.  On January 3, 2013, Appellant was sentenced to an aggregate term of incarceration of six to twenty years.  Appellant filed a timely post-

sentence motion, which the trial court denied in an order entered on January 14, 2013. Appellant did not file a direct appeal.

Appellant filed a *pro se* PCRA petition, which the court of common pleas docketed on April 29, 2014. In an order filed on May 1, 2014, the PCRA court appointed counsel to represent Appellant and simultaneously issued notice of the court's intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On June 2, 2014, prior to appointed counsel taking any action on Appellant's behalf, the PCRA court issued an order dismissing Appellant's PCRA petition as untimely filed.

Appellant then filed another *pro se* document raising claims of ineffective assistance of prior counsel, which the court of common pleas docketed on July 25, 2014, and treated as a second PCRA petition. On August 19, 2014, the PCRA court issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant then filed a *pro se* response with the PCRA court. On September 26, 2014, the PCRA court entered an order dismissing Appellant's PCRA petition and mailed the order to Appellant. This timely appeal followed.[1] Appellant filed

_____

[1] We note that Appellant needed to file his appeal by Monday, October 27, 2014, because October 26, 2014, was a Sunday. ***See*** 1 Pa.C.S. § 1908 (explaining that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation). ***See also*** Pa.R.A.P. 107; Pa.R.A.P. 108(a); Pa.R.A.P. 903, note. In addition, our review of the certified record reflects that Appellant dated his notice of appeal October 26, 2014, and the
*(Footnote Continued Next Page)*

- 2 -

an untimely *pro se* concise statement pursuant to Pa.R.A.P. 1925(b).  The

PCRA court filed a Pa.R.A.P. 1925(a) opinion prior to Appellant filing his

Pa.R.A.P. 1925(b) concise statement.

Appellant presents the following issues for our review:

A. Did the [the PCRA court], abuse its discretion by dismissed the First and Second PCRA Petitions for untimely filed and became out of Jurisdiction of the Common Pleas Court of Lehigh County?

B. Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilty or innocence could have taken place?

C. A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner/Appellant to plea guilty, and the petitioner/appellant is innocence?

Appellant's Brief at 4 (verbatim).

Prior to addressing Appellant's issues, we must first address

Appellant's appearance before this Court without counsel.  Although

Appellant has not specifically raised an issue regarding his lack of PCRA

counsel, we observe that we may do so *sua sponte*.  **See Commonwealth

v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011) (discussing the right of

_____
*(Footnote Continued)*

court of common pleas docketed Appellant's notice of appeal on October 29, 2014.  Accordingly, we conclude that, pursuant to the prisoner mailbox rule, Appellant timely filed his notice of appeal on October 26, 2014.  **See Commonwealth v. Wilson**, 911 A.2d 942, 944 (Pa. Super. 2006) (recognizing that under the "prisoner mailbox rule," a document is deemed filed when placed in the hands of prison authorities for mailing).

Superior Court to address the appellant's lack of counsel *sua sponte* in PCRA matter). Moreover, the Commonwealth has raised a valid concern regarding prior appointed PCRA counsel's representation of Appellant. Commonwealth's Brief at 6-8.

Under our Commonwealth's rules of criminal procedure promulgated by the Pennsylvania Supreme Court, it is mandated that an indigent petitioner be appointed counsel to represent him on his first PCRA petition. Pa.R.Crim.P. 904. The comment to Rule 904 states the following:

> Consistent with Pennsylvania post-conviction practice, it is intended that counsel be appointed in every case in which a defendant has filed a petition for post-conviction collateral relief for the first time and is unable to afford counsel or otherwise procure counsel.

Pa.R.Crim.P. 904 cmt. The purpose of Rule 904 is to ensure that an indigent litigant is provided counsel for at least one PCRA petition, which under ordinary circumstances would be the first such petition.

This Court has long mandated that "counsel be appointed in *every* case in which a defendant has filed a motion for post-conviction collateral review for the *first* time and is unable to afford counsel. . . ." ***Commonwealth v. Kaufmann***, 592 A.2d 691, 695 (Pa. Super. 1991) (emphasis in original). ***See Commonwealth v. Lindsey***, 687 A.2d 1144, 1144-1145 (Pa. Super. 1996) (reasoning that Pa.R.Crim.P. 904(a) provides that a PCRA petitioner is entitled to counsel for his first PCRA petition, regardless of the merits of his claim). The failure to appoint counsel to

assist an indigent, first-time PCRA petitioner is manifest error. ***Commonwealth v. Kutnyak***, 781 A.2d 1259, 1262 (Pa. Super. 2001). This principle has been reinforced in case law on numerous occasions, and the cases have required appointment of counsel even where the initial *pro se* petition is seemingly wholly without merit, ***Kaufmann***, 592 A.2d at 695, where the issue has been previously litigated or is not cognizable under the PCRA, ***Commonwealth v. Luckett***, 700 A.2d 1014, 1016 (Pa. Super. 1997), where the petition is untimely, ***Commonwealth v. Ferguson***, 722 A.2d 177, 179-180 (Pa. Super. 1998), and where the petitioner has not requested appointment of counsel, ***Commonwealth v. Guthrie***, 749 A.2d 502, 504 (Pa. Super. 2000).

Further, our Supreme Court has explained that this rule-based right is not simply a right to counsel, but a right to effective assistance of counsel. ***Commonwealth v. Haag***, 809 A.2d 271, 282-283 (Pa. 2002). "The guidance and representation of an attorney during collateral review 'should assure that meritorious legal issues are recognized and addressed, and that meritless claims are foregone.'" ***Id***. at 283 (quoting ***Commonwealth v. Albert***, 561 A.2d 736 (Pa. 1989)). ***See also Commonwealth v. Smith***, 818 A.2d 494, 500-501 (Pa. 2003) (stating that "Rule 904 mandates that an indigent petitioner, whose first PCRA petition appears untimely, is entitled to the assistance of counsel in order to determine whether any of the exceptions to the one-year time limitation apply"). Thus, the right to post-

conviction counsel "has not been limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation." *Commonwealth v. Hampton*, 718 A.2d 1250, 1253 (Pa. Super. 1998) (quoting *Commonwealth v. Fiero*, 341 A.2d 448 (Pa. 1975)).

> We have explained that
>
> when appointed, [PCRA] counsel's duty is to either (1) amend the petitioner's *pro se* petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of *Finley*.[2] If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled. Under such circumstances, we generally remand for appointment of counsel to file either a proper amended PCRA petition or a proper *Finley* letter.

*Commonwealth v. Priovolos*, 746 A.2d 621, 623-624 (Pa. Super. 2000) (citing *Hampton*, 718 A.2d at 1253) (internal citations and quotation marks omitted).

In summary, it bears repeating that our courts will not hold an indigent *pro se* petitioner responsible for presenting a cognizable claim for PCRA relief until that petitioner has been given the opportunity to be represented by appointed counsel. *Commonwealth v. Evans*, 866 A.2d 442, 445 (Pa. Super. 2005). Therefore, "before the trial court disposes of a

---

[2] *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

first post conviction petition, it must first make a determination as to the petitioner's indigence and if the petitioner is indigent, the court must appoint counsel to assist in the preparation of said petition." **Hampton**, 718 A.2d at 1253 (quoting **Commonwealth v. Van Allen**, 597 A.2d 1237 (Pa. Super. 1991)) (emphasis omitted).  Hence, it is axiomatic that appointed PCRA counsel be given the time and opportunity to comply with these mandates.

Our review of the record reflects that slightly more than one year after Appellant's judgment of sentence became final,[3] on April 29, 2014, Appellant filed a *pro se* PCRA petition, and the PCRA court appointed PCRA counsel on May 1, 2014.  However, prior to appointed counsel filing an amended PCRA petition or a **Finley** letter with a petition to withdraw, the PCRA court dismissed the PCRA petition on June 2, 2014.  Thus, PCRA counsel failed to act on Appellant's behalf, and the PCRA court dismissed Appellant's PCRA petition a mere thirty-two days after counsel was appointed.  Subsequently, on July 25, 2014, Appellant filed another *pro se* PCRA petition.  The PCRA court dismissed this PCRA petition on September 26, 2014, without appointing counsel, and this appeal followed.  This was clearly error and requires remand for the appointment of counsel to comply with the dictates

_____

[3] A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S. § 9545(b)(3).

of Rule 904. Appellant must be given that right currently so that he may file a counseled PCRA petition.[4]

In conclusion, because Appellant was improperly denied the assistance of counsel for a PCRA petition, we vacate the order below and remand for appointment of counsel. Counsel is to be given an opportunity to file an amended petition raising any possible exceptions to the time requirements of the PCRA, and any further proceedings that are necessary. Moreover, we commend the Commonwealth for its candor in conceding that remand for the appointment of PCRA counsel is an appropriate remedy in this instance. Commonwealth's Brief at 9.

Order vacated. Case remanded for appointment of counsel and further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2016

_____

[4] Because Appellant is indigent as evidenced by his current *in forma pauperis* status, the PCRA court must appoint counsel to assist him in the preparation of a PCRA petition. Thus, we are obligated to remand this case to the PCRA court for the appointment of counsel.