J-S85006-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN FREDERICK BROWN, JR. | : | |
| | : | |
| Appellant | : | No. 41 WDA 2017 |

Appeal from the PCRA Order December 9, 2016
In the Court of Common Pleas of McKean County Criminal Division at
No(s):  CP-42-CR-0000394-2013

BEFORE:  BOWES, J., PANELLA, J., and STABILE, J.

MEMORANDUM BY BOWES, J.:                    FILED MAY 21, 2018

John Frederick Brown, Jr., appeals pro se from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act.  We vacate the order and remand with instructions.

The record reveals the following.  Appellant was charged with rape, attempted rape, two counts of indecent assault, aggravated assault, and simple assault resulting from his attack on his former paramour.  Douglas J. Garber, Esquire, of the Public Defender's Officer, was appointed to represent Appellant because he could not afford to hire a private attorney.  Leading up to trial, Attorney Garber sought discovery materials from the Commonwealth, including results of any testing done upon the rape kit collected from the victim at the hospital.  However, he withdrew a motion to compel after the Commonwealth's represented that no testing had been

done on the rape kit. Attorney Garber did not have testing done on the rape kit for the defense, although Appellant had so requested. N.T. PCRA Hearing, 12/9/16, at 10-11.

Following a jury trial, Appellant was convicted on all counts except aggravated assault. Before Appellant was sentenced, he filed a pro se document purporting to notify Attorney Garber that his services were terminated based upon ineffective assistance, complaining, inter alia, of a lack of discovery materials and counsel's badgering him into declining to testify at trial. The trial court conducted a hearing on Appellant's motion immediately prior to sentencing on January 17, 2014.

At the hearing at which Attorney Garber was present, Appellant first argued pro se that the Commonwealth failed to comply with discovery rules and Brady v. Maryland, 373 U.S. 83 (1963). The trial court advised Appellant: "That's a matter for Appeal that's not a matter for me at this time." N.T. Motion for Substitute Counsel and Sentencing, 1/17/14, at 5. Appellant next sought to argue Attorney Garber's ineffectiveness, but the court informed him: "That's for Post-Conviction Relief Act that's not before me now." Id. The trial court denied Appellant's motion, and Attorney Garber thus remained Appellant's counsel.

The trial court then immediately proceeded to sentencing, imposing an aggregate term of imprisonment of eight to twenty-two years. Regarding post-sentence rights, the trial court informed Appellant that he had the right

to the assistance of an attorney in pursing a direct appeal, and that if he could not afford one, the trial court "will appoint an attorney to represent you free of charge." Id. at 7. The trial court did not explain that the attorney whose assistance was available was Attorney Garber, who had already been appointed to represent Appellant based upon his indigence.

In a pro se post-sentence motion docketed on January 27, 2014, Appellant again raised issues regarding the rape kit and Attorney Garber's ineffectiveness, and sought the appointment of substitute counsel. The docket does not reflect that Appellant's motion was forwarded to counsel as is required by Pa.R.Crim.P. 576(A)(4). On the same day on which Appellant's motion was docketed, the trial court entered two orders, both of which were served on Appellant and the Public Defender's office. One of the orders indicated that Appellant's post-sentence motion was denied without a hearing, stated that Appellant had thirty days from the date of that order to file an appeal,[1] and again informed already-represented Appellant that he had the right to have counsel appointed for an appeal if he was proceeding in forma pauperis ("IFP"). Order, 1/27/14 (document 44 in the certified record). The other order, noting "it appearing that no PCRA petition and no appeal is pending before this [c]ourt," denied Appellant's request for the

_____

[1] A pro se post-sentence motion filed by a represented party is "a nullity, having no legal effect." Commonwealth v. Nischan, 928 A.2d 349, 355 (Pa.Super. 2007).

appointment of substitute counsel on the basis that Appellant had failed to show irreconcilable differences between himself and trial counsel. Order, 1/27/14 (document 45 in the certified record).

On February 4, 2014, the prothonotary docketed yet another pro se motion for appointment of substitution of counsel filed by Appellant. The docket does not reflect that it was forwarded to counsel as required by Pa.R.Crim.P. 576(A)(4). The trial court denied it the same day, which was within the thirty-day appeal period, on the bases that "the docket reflect[s] that there is no pending matter before the [c]ourt for which appointed counsel is necessary, and [Appellant] [had] baldly alleged 'irreconcilable differences.'" Order, 2/4/14.

The next docket entry is a pro se motion to amend notice of appeal[2] filed by Appellant on May 2, 2014.[3] In the motion, Appellant indicated that his appeal was from his January 17, 2014 judgment of sentence rather than the January 27, 2014 order that denied his post-trial motions. Once again, the docket does not reflect compliance with Pa.R.Crim.P. 576(A)(4). Rather

_____

[2] The certified record contains no indication that Appellant had filed a notice of appeal at that point, and it does not appear Appellant filed a notice in this Court during the relevant time.

[3] The motion is dated April 23, 2014, and its envelope is postmarked April 29, 2014.

than treat the motion as a PCRA petition,[4] the PCRA court denied it, "it appearing that there is no pending matter regarding this criminal action." Order, 5/2/14. The Public Defender's office was copied on the order denying Appellant's motion.

On May 15, 2014, Attorney Garber filed a petition for leave to withdraw his appearance, stating therein that the case was complete, as there were no outstanding issues and no notice of appeal filed. Petition for Leave to Withdraw, 5/15/14. The petition was denied by an order that was filed May 21, 2014, but not served upon Appellant. However, Attorney Garber's subsequent praecipe to withdraw appearance was served on Appellant on May 22, 2014.

In August 2014, Appellant filed a motion for transcripts and a motion seeking leave to appeal IFP. By orders filed September 2, 2014, the PCRA court denied the former on the basis that no appeal was filed within thirty days of Appellant's judgment of sentence, and the latter because there was neither an appeal nor PCRA petition pending.

On January 8, 2015, Appellant filed a timely pro se PCRA petition. Therein he claimed that Attorney Garber coerced him into not testifying at trial, advocated for the prosecution, and failed to: file post-trial or post-

_____

[4] See, e.g., Commonwealth v. Taylor, 65 A.3d 462, 466 (Pa.Super. 2013) ("[A]ll motions filed after a judgment of sentence is final are to be construed as PCRA petitions.").

sentence motions or a direct appeal, preserve the discovery issues, or investigate witnesses and formulate an adequate defense. PCRA Petition, 1/8/15, at 3-4v. He also claimed that the Commonwealth failed to provide discovery materials. Id. at 4i. On June 8, 2015, Appellant filed a request for a status report on his PCRA petition, and for transcripts.

On July 14, 2015, the PCRA court appointed James P. Miller, Esquire, to represent Appellant and ordered him to file an amended petition within thirty days. Attorney Miller requested and was granted an extension of time until October 31, 2015, to file an amended petition. Order, 9/3/15. By order of October 5, 2015, the PCRA court granted Attorney Miller's request for transcripts. The transcripts and the Commonwealth's answer to Appellant's pro se petition were filed in November 2015. Attorney Miller did not file an amended petition.

The docket reflects no further activity until July 16, 2016, when Appellant pro se filed a motion for change of counsel, or to proceed pro se, claiming that Attorney Miller was ineffective in failing to either file an amended PCRA petition or seek leave to withdraw pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc). The PCRA court scheduled and rescheduled a hearing on Appellant's motion but, for reasons not discernible from the record, the PCRA court without a hearing vacated Attorney Miller's appointment and appointed Robert D.

Kinnear, Esquire, in his stead. The PCRA court further directed Attorney Kinnear to file an amended PCRA petition within thirty days and scheduled a hearing.

Attorney Kinnear did not file an amended PCRA petition. Instead, he appeared at the scheduled hearing and informed the PCRA court that he did not feel the need to file an amended petition because Appellant's pro se petition "raised any issues I would have raised." N.T. PCRA Hearing, 12/9/16, at 6. Attorney Kinnear nevertheless proceeded on the record to explain his opinion that a number of Appellant's issues lacked merit. Id. When the PCRA court asked him if he wanted to orally amend the PCRA petition to withdraw the non-meritorious claims, Attorney Kinnear indicated as follows.

> I don't think I have the right to withdraw that if it's his position. I am representing him, but I would certainly write a no-merit letter regarding those claims after I did . . . a full investigation of the record . . . to support that. I believe the claims to be meritless.

Id. at 7-8. Attorney Kinnear informed the PCRA court that he wished to limit the PCRA hearing to the issues of "whether the appeal rights were preserved or requested," whether Appellant "was advised prior to not testifying that it was his right to testify or not to testify," and "the third one, which I think may or may not have bearing on the [c]ourt, which I think is the most pressing issue, would be the [d]iscovery issue of DNA requesting."

Id. at 6-7. Appellant's consent to the limitation of issues was neither requested nor volunteered.

Attorney Kinnear presented the testimony of Attorney Garber and Appellant. At the conclusion of the hearing, Attorney Kinnear argued to the PCRA court that Appellant's claim regarding counsel's pressure not to testify at trial was meritless. Id. at 35. Regarding the rape kit and the fact that it was never tested, Attorney Kinnear indicated that he did not know what duties were in place, if any, and offered to do research and file a brief if the PCRA court so desired. Id. at 36. Finally, Attorney Kinnear acknowledged that Attorney Garber testified that Appellant did not request that he file an appeal, but suggested, without actually so stating, that the record supported a finding that Appellant expressed a desire for a direct appeal. Id. The PCRA court denied Appellant's petition at the conclusion of the hearing.

On December 19, 2016, Attorney Kinnear filed both a notice of appeal to this Court and a petition to withdraw as counsel. In the accompanying no-merit letter, Attorney Kinnear, inter alia, advised Appellant that he would be able to hire private counsel or proceed pro se if the motion to withdraw was granted. No-Merit Letter, 12/19/16, at unnumbered 4. On December 29, 2016, Attorney Kinnear filed an amended notice of appeal. By order entered January 3, 2017, the PCRA court granted Attorney Kinnear's petition, despite the pendency of the appeal to this Court. The docket does not reflect that the order was served on Appellant. Appellant filed an

objection to Attorney Kinnear's petition and no-merit letter, citing the appeal pending in this Court. Notice of Objection, 1/17/17. No action was taken upon Appellant's objection.

On February 16, 2017, Attorney Kinnear filed a motion to withdraw in this Court to which he attached the PCRA court's January 3, 2017 order as well as the no-merit letter.[5] This Court entered an order providing that "the motion is granted such that [A]ttorney Kinnear is excused from his representation of Appellant" and that Appellant "is advised that he is now proceeding pro se in this appeal, but that he is free to employ counsel to represent him." Order, 2/22/17.

The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed an application for relief in this Court seeking to compel the PCRA court to provide him with the documents necessary for him to file his Rule 1925(b) statement and brief in this Court, i.e., transcripts, docket entries, filings. Application for Relief, 3/15/17, at 1-2. This Court ordered the PCRA court to provide Appellant with "all materials of record necessary for the prosecution

_____

[5] In recounting the procedural history of the case in its 1925(a) opinion, the PCRA court did not mention Attorney Kinnear's withdrawal petition filed in the PCRA court or its January 3, 2017 order granting it. Rather, the PCRA court indicated that Attorney Kinnear filed a motion to withdraw in the Superior Court on February 17, 2017, and that this Court permitted the withdrawal by order of January 12, 2017, which, impossibly, was a month prior to the filing of the motion. PCRA Court Opinion, 6/19/17, at unnumbered 2.

of the instant appeal" within thirty days. Order, 3/23/17. Appellant requested, and the PCRA court granted, an extension of time for Appellant to file his Rule 1925(b) statement.

Appellant filed another application for relief in this Court, complaining that the PCRA court had failed to provide him with the documents indicated in this Court's March 23, 2017 order, and additionally seeking "the scientific tests of rape kit and biological D.N.A." Application for Relief, 5/5/17, at unnumbered 1. This Court ordered the PCRA court to comply with the March 23, 2017 order forthwith. Order, 5/11/17. The PCRA court responded by stating that it had no DNA or other scientific reports to provide.

Appellant filed his concise statement in the PCRA court on May 8, 2017, alleging various instances of ineffectiveness of trial counsel, as well as claims that Attorney Kinnear was ineffective in failing to, inter alia, amend Appellant's pro se PCRA petition and preserve issues for appeal. Concise Statement, 5/8/17, at ¶¶ h, k. The PCRA court filed its Rule 1925(a) opinion on June 19, 2017. The following day, the PCRA hearing transcript was docketed, and the record transmitted to this Court. After Appellant filed yet another application for relief in this Court regarding the PCRA court record, the PCRA court in November 2017 supplemented the certified record to include a transcript that had not been filed previously.

Appellant filed additional applications for relief in this Court, including requests for extensions of time to file a brief, and a request for remand for

the appointment of new counsel and a new PCRA hearing based upon claims that the PCRA court erred in allowing Attorney Kinnear to withdraw. Request for Relief, 8/31/17. This Court granted Appellant several extensions for filing his brief, but declined to grant his request for a remand. Order, 9/7/17. This appeal is now ripe for our consideration.

Appellant presents this Court with claims of PCRA court error as well as allegations that Attorneys Kinnear and Garber rendered ineffective assistance. Appellants brief at § IV (pages unnumbered).

We begin with a review of the relevant legal principles. "Our standard of review of a [PCRA] court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" Commonwealth v. Barndt, 74 A.3d 185, 192 (Pa.Super. 2013) (quoting Commonwealth v. Garcia, 23 A.3d 1059, 1061 (Pa.Super. 2011)).

On a first PCRA petition, a petitioner is entitled to the assistance of counsel to guarantee that he has "at least one meaningful opportunity to have [his] issues reviewed." Commonwealth v. Karanicolas, 836 A.2d 940, 945 (Pa.Super. 2003) (citations and internal quotation marks omitted).

> This Court has admonished, accordingly, that the point in time at which a trial court may determine that a PCRA petitioner's claims are frivolous or meritless is after the petitioner has been afforded a full and fair opportunity to present those claims. Our [S]upreme [C]ourt has recognized that such an opportunity is best assured where the petitioner is provided representation by competent counsel whose ability to frame the issues in a legally

>meaningful fashion insures the [PCRA] court that all relevant considerations will be brought to its attention.

Commonwealth v. Hampton, 718 A.2d 1250, 1252 (Pa.Super. 1998) (internal quotation marks and citations omitted). The right to counsel "extends throughout the post-conviction proceedings, including any appeal from the disposition of the PCRA petition." Commonwealth v. Smith, 121 A.3d 1049, 1053 (Pa.Super. 2015).

"When appointed, counsel's duty is to either (1) amend the petitioner's pro se [p]etition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of Turner/Finley." Commonwealth v. Cherry, 155 A.3d 1080, 1083 (Pa.Super. 2017). "If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled." Id. (internal quotation marks omitted).

If there are any issues of arguable merit, counsel must file an amended petition, exercising professional judgment to determine which claims to raise therein. This Court has held, in the context of a direct appeal in which a constitutional right to counsel exists, a defendant may not compel counsel to pursue even "nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." Commonwealth v. Morrison, 173 A.3d 286, 292-93 (Pa.Super. 2017).

Here, Attorney Kinnear chose a hybrid course that finds no support in the law. See id. (rejecting hybrid brief, and noting "when counsel and an appellant disagree on which issues should be raised and/or briefed on appeal, counsel must only raise and/or brief the issues that counsel believes, consistent with counsel's ethical duty, to be nonfrivolous. If the disagreement arises . . . the appellant is free to petition for the withdrawal of counsel in order for the appellant to attempt to proceed pro se or with privately-retained counsel."). Attorney Kinnear did not file an amended PCRA petition on Appellant's behalf.[6] Rather, Attorney Kinnear proceeded to the PCRA hearing on Appellant's pro se petition, asserted that the pro se petition raised the issues he would have raised, then proceeded to argue against his client before and after supposedly advocating for his interests. Even as to the claim he indicated had the most merit, Attorney Kinnear expressed an ignorance of the applicable law and confessed to his failure to examine the entire record. N.T. PCRA Hearing, 12/9/16, at 35-36. Attorney

_____

[6] Of note, Attorney Kinnear proceeded on a theory that Appellant in fact requested that Attorney Garber file an appeal. He did not pursue a claim that Attorney Garber failed to consult with Appellant about filing a direct appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000) ("[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.").

Kinnear additionally misstated the law regarding his duty to amend Appellant's petition, and his ability to seek DNA testing of the rape kit under the PCRA, confusingly raising the newly-discovered facts timeliness exception at a hearing on a timely PCRA petition, when a request for DNA testing is in any event not governed by the PCRA's timeliness requirements.[7] See id. at 37-39 (Attorney Kinnear's discussion of the testing of the rape kit as newly-discovered evidence and inquiring of the PCRA court "isn't there a 60-day time limit … on … new evidence?").

The record before us shows that Attorney Kinnear "ultimately succeeded neither in advancing Appellant's claims nor certifying their lack of merit." Karanicolas, supra at 947. Thus, Appellant's litigation "of his first PCRA petition was for all practical purposes uncounseled, depriving Appellant of the opportunity of legally trained counsel to advance his position in acceptable legal terms[.]" Id.

_____

[7] See Commonwealth v. Gacobano, 65 A.3d 416, 419 (Pa.Super. 2013) (holding one-year timeliness requirement did not apply to a request for DNA testing under 42 Pa.C.S. § 9543.1, even where "the PCRA petition . . . comingled the DNA test request with other PCRA-based requests for relief").

Attorney Kinnear's failure to advocate Appellant's claim with any clarity is further evidenced by the fact that the PCRA court initially made a finding that there was "no evidence whatsoever that there was a rape kit" for testing, and indicated that it would not grant PCRA relief "on the basis of an imagined piece of evidence[.]" N.T. PCRA Hearing, 12/9/16, at 39. After a sidebar, held off the record, the PCRA court changed its finding to acknowledge that both attorneys present informed the court that "there was some reason to think that a rape kit had been made but that there was no testing ever done[.]" Id. at 41.

Accordingly, we vacate the order which dismissed Appellant's PCRA petition and remand for the appointment of new counsel to provide the representation to which Appellant is entitled under Pa.R.Crim.P. 904(C), beginning with the filing of an amended PCRA petition or a no-merit letter which satisfies all of the requirements of Turner and Finley.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/21/2018